From George Ross Eshleman, Lancaster, Pa.

## Buss v. Buss.

*Divorce—Desertion—Effort towards reconciliation.*

1. Where a wife deserts her husband without cause and the. latter holds his house open for thirty days thereafter, the husband will be entitled to a divorce, provided libellant at no time consented to respondent's desertion of his habitation or encouraged her to remove therefrom.

2. Where a respondent leaves the libellant without legal justification, it is the duty of respondent to make the first advances toward a reconciliation, and the fact that libellant made no effort to that end is not sufficient to defeat the right to a divorce on the ground of desertion.

Libel for divorce. C. P. Lehigh Co., April T., 1923, No. 222.

*Taylor, Paxson & Fisher,* for libellant.

Iobst, J., Feb. 18, 1924.—In this case the master appointed by the court reached the conclusion that the divorce as prayed for ought not to be granted. The recommendation of the master is based upon the following findings:

"1. That the leaving by respondent of the home and habitation of the libellant and her persisting in absenting herself from said home from Dec. 11, 1919, if no other circumstances as appear in the instant case were present, would constitute, under the statute, a desertion such as would entitle libellant to a decere in divorce.

"2. That the facts testified to by libellant regarding his knowledge and observation of respondent removing from his, the libellant's, home, remaining silent and failing to attempt either a reconciliation or the return of respondent to his, the libellant's, home, brings the instant case within the rebutted desertion, namely, encouragement by the libellant of the separation originally created by the act of the respondent.

"3. That on Dec. 11, 1919, there was a common object—in the minds of both the libellant and the respondent—and neither one or the other having during the *interim* to the day and date of filing libel destroyed the prior status and revoked the consent by making a *bona fide* offer to resume marital relations, the separation in the instant case must be regarded as consentable."

The court has carefully examined the testimony in this proceeding. Nowhere in the testimony does it appear that the libellant at any time consented to the respondent's desertion of his habitation, or that he encouraged or urged her to remove therefrom.

While it is true that he made no efforts to secure her return and appears rather nonchalant as to her welfare and the welfare of his child, whom he had never seen, yet the law is clear, where a respondent leaves the libellant, it is the duty of the respondent to make the first advances toward a reconciliation, and the fact that the libellant made no effort to that end is not sufficient to

Buss *v.* Buss.

defeat the right to a divorce on the ground of desertion. Indeed, in this case the libellant held open his house for a period of thirty days after she had left, during which time she might have returned to her home, but she failed to do so and at no time made a request to return to him or asked him to support her.

The clear weight of the evidence showed that the respondent had left her husband; took her belongings with her; threatened to get even with him before leaving; had a family consultation before her departure and had no intention of returning; that there was no legal justification for her separation, and that she had wilfully deserted the libellant for over a period of three years.

*Order and decree.*

And now, Feb. 18, 1924, in accordance with the above opinion, a decree in divorce is granted.

From James L. Schaadt, Allentown, Pa.